**Keith BROWN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD 27160.**

Missouri Court of Appeals,
Kansas City District.

July 7, 1975.

Motion for Rehearing and/or Transfer Denied Aug. 5, 1975.

Willard B. Bunch, Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., Pritchard, C. J., and SWOFFORD, J.

PER CURIAM.

Pursuant to his plea of guilty, Keith Brown, hereinafter defendant, was sentenced to fifteen years imprisonment on a charge of robbery first degree.

Defendant now appeals the refusal of the court to allow him to withdraw his plea of guilty as requested in his motion under

Rule 27.26, V.A.M.R. Defendant's 27.26 motion alleged as grounds for relief that his counsel told him he would "probably" receive a seven year sentence because two other people involved in the same offense had received seven year sentences; two deputies of the county jail inferred that he would receive a seven year sentence; that his mother pleaded with him to plead guilty and let the judge give him seven years like he did the other two; that a fellow inmate in the county jail advised him that under the constitution the judge could not sentence him to a longer term than he gave to the other two defendants.

The court took up defendant's 27.26 motion and denied the same without an evidentiary hearing.

A full transcript of the hearing at which the defendant pleaded guilty to the robbery charge is before this court. An examination of such transcript shows the trial judge conducted an extensive and thorough examination of both the defendant and his attorney. Such examination complied in all respects with the format set forth in the concurring opinion of Judge Donnelly in *Flood v. State,* 476 S.W.2d 529, 535 (Mo. 1972).

Such examination perforce fully satisfies the requirements of Rule 25.04.

The hearing on defendant's plea of guilty revealed, defendant's statements in his 27.-26 motion to the contrary notwithstanding, that the trial judge propounded a number of questions to the defendant himself. By these questions the judge brought out from the defendant that no promises or threats had been made to him in order to induce his plea, and the court further advised the defendant in plain and direct language that if defendant pleaded guilty he would receive a sentence of somewhere from five years to life imprisonment. Defendant acknowledged that he understood the range of punishment and that the court was free to assess a punishment within the range allowed.

On this appeal defendant raises the singular point that his plea was not knowingly and voluntarily given because he relied upon the advice as alleged in his motion that his sentence would not exceed seven years. It is shown beyond any doubt in the transcript of the hearing at which his guilty plea was accepted that defendant voluntarily and knowingly entered a plea of guilty, knowing and acknowledging to the court that his sentence would range anywhere from five years to life imprisonment.

Under the circumstances shown here, the files and records in this case show the allegations made by defendant's motion are fully refuted by the facts elicited at the guilty plea hearing. In this posture, defendant is not entitled to any relief. *Smith v. State,* 513 S.W.2d 407 (Mo. banc 1974).

See also *Cates v. State,* 516 S.W.2d 792 (Mo.App.1974) and *Pauley v. State,* 487 S.W.2d 565 (Mo.1972) wherein similar allegations of expectation of sentence were held to be refuted by the facts shown at the guilty plea hearing.

The judgment is affirmed.