William C. JOHNSON, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 27512.

Missouri Court of Appeals,
Kansas City District.

Dec. 8, 1975.

Motion for Rehearing and/or Transfer
Denied Jan. 12, 1976.

Thomas M. Larson, Public Defender, Sixteenth Judicial Circuit, R. William Bloemker, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., D. Brook Bartlett, First Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

DIXON, Judge.

Movant appeals from a trial court order denying relief on a motion to vacate his 10-year sentence for assault with intent to rob with malice. The sentence was imposed upon a plea of guilty.

The trial court entered specific findings and conclusions denying substantive relief and refusing an evidentiary hearing. Fifteen days *after* that disposition of the initial 27.26 motion, the movant filed what is denominated as an "amended motion" which was summarily overruled by the trial court.

Movant argues, first, that he was entitled to an evidentiary hearing and, second, that movant should have been permitted to withdraw his plea because his plea was not entered into knowingly and voluntarily because he "had been misled, misinformed and coerced into entering such a plea."

■ In support of his first contention, movant relies upon the allegation of his initial motion that "[p]lea of guilty [was] judicated [sic] upon psychological coercion employed by court appointed attorney Bruce Simon to extract statements from movant, William C. Johnson without affording movant Johnson his constitutional rights." The conclusionary statement of the motion is fleshed out with factual allegations contained *only* in appellant's brief. Various claims of specific misrepresentations concerning the sentence movant would receive are relied upon to support both the argument that an evidentiary hearing should have been afforded and that the movant was entitled to substantive relief under his second claim of error.

A review of the transcript of the hearing at which defendant pleaded guilty to the assault charge fully supports the court's action in denying movant both substantive relief and an evidentiary hearing. An examination of the transcript shows that the trial court, in full compliance with Rule 25.04, conducted a thorough and extensive examination of both movant and his attorney. During the course of this examination, movant clearly told the court: that no threats or promises had been made to induce his plea; that he knew the trial court was free to set the penalty assessed within the statutory range of two years to life; that he understood that, if he elected to be tried by a jury, and was found guilty, the jury could recommend a punishment it favored within the statutory range; that he was aware that the court and the prosecutor had discussed a possible sentence and that ten years had been mentioned, but that the court was not bound by the prior discussion; and that the only reason he was pleading guilty was because he was in fact guilty. On the face of the files and records in this case, then, it is clear that the facts elicited at the guilty plea hearing fully refute the bare allegation that movant's plea of guilty was "psychologically coerced" by members of his family, the prosecuting attorney and his counsel during his discussion of a possible sentence. In this posture, movant is clearly not entitled to either substantive relief or an evidentiary hearing. *Smith v. State*, 513 S.W.2d 407 (Mo.banc 1974), cert. denied, 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975); *Hogshooter v. State*, 514 S.W.2d 109 (Mo.App.1974); *Brown v. State*, 526 S.W.2d 55 (Mo.App. 1975).

■ Movant has not briefed in any way the action of the trial court in summarily ruling on his "amended motion" filed fifteen days after the ruling on the initial motion. Thus, the issues, if any, raised in the "amended motion" are waived. *Shubert v. State*, 518 S.W.2d 326 (Mo.App.1975). In any event, the pleading denominated an amended motion is clearly an improper second or successive motion under Rule 27.-26(c) and (d) attempting to raise in a different fashion the identical issues of the first motion. As noted, the detailed record of

the movant's guilty plea also refutes the allegations of the "amended" petition, and no relief could or should be afforded aside from the question of the failure to include the claims in the first motion.

The judgment denying the motion is affirmed.

All concur.