**Archie BUCKLEY, Movant, Defendant-Appellant,**

v.

**STATE of Missouri, Plaintiff-Respondent.**

**No. 37212.**

Missouri Court of Appeals, St. Louis District, Division One.

July 20, 1976.

Huck, Kasten & LaBeaume, Herbert A. Kasten, Jr., St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Nels C. Moss, Jr., Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

WEIER, Presiding Judge.

On February 5, 1974, after employment of and consultations with retained counsel, movant pleaded guilty to four counts of robbery in the first degree and one count of shooting into a dwelling house. He was sentenced to ten years imprisonment on each count of robbery and three years imprisonment on the shooting offense. The sentences were ordered to run concurrently. On February 3, 1975 he filed a motion to vacate and set aside the conviction and sentence under Rule 27.26.

After a careful review of the transcript of the sentencing hearing, the circuit court of the City of St. Louis dismissed the motion without an evidentiary hearing. We affirm that decision.

Movant contends that his guilty plea was involuntary, without understanding of the nature of the charges, and that the plea was induced by reliance on his counsel's representations that it was too late to

change his plea and that he would be given a maximum sentence of five years.

The transcript of the sentencing hearing fully refutes these contentions. Before accepting movant's guilty pleas the sentencing judge made specific and detailed inquiry and received clear answers which led to his findings. On each count the facts were read and the judge asked defendant if he was pleading guilty to those facts, if his pleas were voluntary, if any threats or promises had been made to him, if he understood his constitutional rights and the range of possible punishment, if he was under the influence of narcotics or alcohol, if he had discussed the pleas with his lawyer and family, and if he was satisfied with the representation of his counsel. The judge then asked defendant's attorney if any threats or promises had been made, if he discussed the case and his client's rights with him, and if in his opinion the guilty pleas were voluntarily and understandingly made. The answers elicited conclusively show movant is entitled to no relief. See *Burns v. State,* 527 S.W.2d 45 (Mo.App. 1975); *Brown v. State,* 526 S.W.2d 55, 56 (Mo.App.1975); *Fisk v. State,* 515 S.W.2d 865, 867[2] (Mo.App.1974).

After careful consideration of the transcript, briefs, and authorities, we are convinced that the judgment is not clearly erroneous, that no error of law appears, and that an extended opinion herein would have no precedential value.

The judgment is affirmed. Rule 84.16(b).

McMILLIAN and KELLY, JJ., concur.