STATE ex rel. Doyle George
REECE, Relator,

v.

Hon. Robert Lee CAMPBELL,
Respondent.

Nos. 37810, 37839.

Missouri Court of Appeals,
St. Louis District,
Division Three.

May 3, 1977.

Courtney Goodman, Pros. Atty., James J. Cook, Asst. Pros. Atty., Clayton, for respondent.

Kevin M. O'Keefe, St. Louis, for relator.

KELLY, Presiding Judge.

This case involves the consolidation of an appeal by the State of Missouri from the judgment of Division No. 6 of the St. Louis County Circuit Court in proceedings under the provisions of Rule 27.26 V.A.M.R. vacating a conviction in Division No. 15 of said Circuit Court and granting the movant leave to withdraw his plea of guilty in the cause—*State of Missouri v. Doyle George Reece,* Circuit Court file No. 357049—with a petition for Writ of Prohibition filed by the movant in the 27.26 motion seeking to have the Judge of Division No. 15 prohibited from doing anything further to implement an Order of Court which had the effect of nullifying the judgment entered in Division No. 6 and ordered the movant be remanded to the custody of the Missouri Department of Corrections to serve the remainder of the sentence which the judgment entered in Division No. 6 had ordered vacated.

We make permanent the preliminary writ of prohibition heretofore issued enjoining the judge of Division No. 15 from doing anything further to implement his Order of Court of January 22, 1976, entered in Cause No. 357049 of the Circuit Court of St. Louis County aforesaid, directing that the movant be remanded to the custody of the Missouri

Department of Corrections. We also affirm the judgment of the judge of Division No. 6 in the 27.26 motion vacating the sentence imposed in Cause No. 357049 and granting the defendant therein leave to withdraw his plea of guilty.

The genesis of this consolidated case is a case heretofore identified by style and cause number in the Circuit Court of St. Louis County wherein the defendant—as Mr. Reece shall hereinafter be identified—was charged with the offense of Robbery in the First Degree by Means of a Dangerous and Deadly Weapon, §§ 560.120 and 560.135 RSMo.1969. That cause was assigned to Division No. 15 of the Circuit Court of St. Louis County wherein the respondent, as Judge Campbell shall hereinafter be identified in the prohibition proceeding, presides. An assistant public defender represented the defendant at his arraignment of July 1, 1974, when the defendant entered a plea of guilty before the respondent judge. After this arraignment was completed the defendant was returned to the county jail to await a pre-sentence investigation to determine his suitability for probation. Defendant remained in the county jail for two days and was then released on his own recognizance pending the completion of the pre-sentence investigation by the State Board of Probation and Parole. At his arraignment the defendant and his counsel were advised that defendant was to return to court on September 4, 1974, when he would learn whether he was to be placed on probation or be sentenced.

At some date after his release from jail on his own recognizance—the record fails to reveal this date—the defendant left the State of Missouri and returned to his home in Arizona and still later—again, the record does not reveal when—he was taken into custody somewhere in the State of New Mexico, waived extradition, and was returned to the St. Louis County Jail. It is clear from the record that defendant did not appear for sentencing on September 4, 1974, as he was directed by the judge of Division No. 15, and did not contact the State Board of Probation and Parole to aid that body in the conduct of the pre-sentence

investigation ordered by the judge accepting defendant's guilty plea. On November 8, 1974, the defendant was brought before the respondent judge in Division No. 15 of the Circuit Court of St. Louis County and was sentenced to a term of 25 years in the custody of the Missouri Department of Corrections.

On February 7, 1975, defendant filed a Motion to Vacate, Set Aside or Correct Judgment pursuant to Rule 27.26. As is the custom, this motion contained numerous allegations attacking the validity of his conviction. However, the evidence in support of his motion, adduced during the evidentiary hearing thereon, was directed to two grounds: 1) that if he was denied probation on his guilty plea the sentence which would be imposed upon him would not be in excess of five years, and 2) ineffective representation by his court-appointed counsel in failing to file with the court prior to imposition of sentence a motion for leave to withdraw his plea of guilty pursuant to Rule 27.25 V.A.M.R. As is customary in the Circuit Court of St. Louis County, this motion was assigned to the judge before whom the plea was entered and the sentence imposed—the respondent—and simultaneously, defendant filed a motion to disqualify said judge from hearing his motion to vacate. Pursuant to defendant's motion to disqualify the 27.26 proceedings were transferred to the judge presiding in Division No. 6.

On January 14, 1976 an evidentiary hearing was had in Division No. 6 and on January 19, 1976 findings and conclusions of the trial court were filed and judgment entered sustaining defendant's motion to vacate the judgment and sentence entered on November 8, 1974 in Division No. 15, whereby defendant was sentenced to 25 years in the penitentiary, and granting defendant leave to withdraw his plea of guilty entered on July 1, 1974.

A copy of this judgment was filed of record in the file in Cause No. 357049 in Division No. 15 and this evoked the Order of Court of January 22, 1976 which is the subject of the prohibition action. This or-

der stated that the judge of Division No. 15 found that the judgment entered in the motion to vacate proceeding was not in accord with law and decisions of the appellate courts of this State and for that reason he "declines to vacate and set aside the plea of guilty and sentence of this Court in the motion filed pursuant to Rule 27.26 . . . .," and ordered the defendant remanded to the custody of the Missouri Department of Corrections to serve the remainder of the sentence he had imposed.

On January 19, 1976, the State of Missouri filed its notice of appeal from the judgment of the judge of Division No. 6 in the motion to vacate and on January 26, 1976, the defendant filed a motion for leave to withdraw his plea previously entered in Division No. 15. At the same time he filed a motion to disqualify the judge of Division No. 15 under "Rule 30.12 V.A.M.R." from entertaining his motion to withdraw plea. Also on January 26, 1976 defendant filed his petition for Writ of Prohibition in this court. On February 11, 1976, a Preliminary Order of Prohibition issued out of this court directing the respondent to show cause why he should not be prohibited from proceeding further or from entering any orders which would in any way contradict or derogate the judgment entered in the motion to vacate proceeding in Division No. 6 of the Circuit Court of St. Louis County. The respondent made his return to the Writ on the same date the Preliminary Order was issued and, on defendant's motion, on May 27, 1976, the Writ proceedings and the appeal by the State from the judgment in the motion to vacate proceedings were consolidated.

█ We have concluded that the respondent was without jurisdiction to interfere with or to enter any order in derogation of the judgment entered by the Judge of Division No. 6 of the St. Louis County Circuit Court in the motion to vacate which set aside the defendant's conviction and sentence and granted him leave to withdraw his plea of guilty. We therefore order that the Preliminary Order to Show Cause heretofore issued be made permanent.

It is apparent from the Order of Court entered by respondent on January 22, 1976 that he misconstrued the legal effect of the judgment sustaining defendant's motion to vacate and set aside plea of guilty under Rules 27.26 and 27.25 V.A.M.R., and that he was of the opinion that until such time as he entered an order in the criminal case file setting aside the sentence he had imposed and granting the defendant leave to withdraw his plea of guilty, the judgment therein was still valid and binding upon the defendant.

█ The purpose of a motion filed under the provisions of Rule 27.26 is to afford a prisoner confined under sentence a convenient means of collateral attack on the judgment of a conviction which is void or otherwise subject to attack on one or more of the grounds enumerated in the Rule itself. The Rule was initially adopted as a substitute for writ of habeas corpus as a vehicle for post-conviction relief and was modeled after Section 2255 of Title 28 U.S.C., the federal statute providing post-conviction relief in convictions obtained under the federal judicial system. The Rule, as adopted, does not broaden the right of attack on the conviction and judgment in the criminal action nor the scope of review beyond that permitted by habeas corpus. *State v. Rutledge*, 317 S.W.2d 365, 366[1] (Mo.1958). Proceedings under the Rule, although collateral to the underlying criminal action, are not technically a continuation of that criminal action in which the conviction of the movant was obtained. *Layton v. State*, 500 S.W.2d 267, 269[4] (Mo.App.1973). Rather, they are in the nature of a civil action and the procedures at both the trial and appellate level are governed by the Rules of Civil Procedure so far as they are applicable. *State v. Davis*, 438 S.W.2d 232, 234[4] (Mo.1969) Rule 27.26(a). If a new trial is granted the original prosecution then continues. *State v. Keeble*, 427 S.W.2d 404, 407[2] (Mo.1968).

█ The Rule provides that, although it does not suspend the rights available by habeas corpus, it is the exclusive procedure whereby a prisoner in custody under sen-

tence and claiming a right to be released on the ground that his sentence is unlawful, may collaterally attack his conviction. Whereas in a habeas corpus proceeding application for the writ must be made to the judge having jurisdiction over the place wherein the prisoner is in custody, the Rule requires that the motion be filed in "the court which imposed [said] sentence." As used in the Rule the term "court" in fixing venue does not specifically require that the motion to vacate, filed in a multi-division court such as we have here, be assigned for disposition to the division of the court in which the plea was received and the sentence imposed. It has been, as we pointed out hereinabove, the practice in the Circuit Court of St. Louis County that, upon filing, these post-conviction motions be assigned by the clerk of the court to the division of the court which did in fact accept the guilty plea and impose the sentence under attack. Under this practice it is the sentencing judge who also considers and passes upon the merits of defendant's motion to vacate, except where, as in this case, that judge has been disqualified pursuant to the provisions of Rule 51.05. Here the respondent no longer retained any jurisdiction over the Rule 27.26 proceedings once he was disqualified and the motion transferred to the judge presiding in Division No. 6 of the court for determination.

The judgment in the 27.26 proceeding was still subject to review by an appellate court upon the filing of a notice of appeal by the State of Missouri when respondent undertook to nullify its effect. The respondent circuit judge undertook to pass upon the merits of a judgment entered by another judge of correlative jurisdiction who had heard the evidence adduced at the evidentiary hearing in support of the motion, observed the witnesses, and arrived at certain findings and conclusions based thereon. It was at least presumptuous on the part of the sentencing judge to conclude that the judge to whom the cause was transferred erred in his findings and conclusions. While there is some authority for one judge to refuse to be bound by an interlocutory ruling or order of another judge of correla-

tive jurisdiction in the same case, See Anno. Interlocutory Ruling or Order of One Judge as Binding On Another in Same Case, 132 A.L.R. 14, those cases are inapposite here.

Although our research has led us to no case directly in point, the court in *State ex rel. Allen v. Buckner*, 226 Mo.App. 807, 47 S.W.2d 256, 257[1] (1932) held that a final judgment for temporary alimony as amended by the judge of Division 2 of the Circuit Court to whom the application for temporary alimony had been assigned, became final and would remain in force until set aside in the manner provided by law, and could not be interfered with by the judge of any other division of the court sitting in his own division. Accordingly, when the judge of Division No. 1 of the same court, who subsequently heard and entered a judgment in the same divorce case denying alimony to the wife, attempted to quash a writ of execution to collect past due temporary alimony payments pursuant to the order of the judge in Division No. 2 of the court, the Court of Appeals held that he was without jurisdiction to do so. See also *St. Louis Amusement Co. v. Paramount Pictures*, D.C., 61 F.Supp. 854, appeal dismissed, 8 Cir., 156 F.2d 400, appeal dismissed, 8 Cir., 158 F.2d 30, affirmed, 8 Cir., 168 F.2d 988, cert. den. 335 U.S. 854, 69 S.Ct. 83, 93 L.Ed. 402 (1948).

■ A reading of Rule 27.26 also leads us to the conclusion that this is the only result we can reach in this case. As we have previously stated, a motion for post-conviction relief under the provisions of Rule 27.-26 is a collateral attack upon a conviction in a criminal proceeding. Unlike an appeal, it is not a direct attack on the validity of the conviction. It is not a continuation of the criminal proceeding. The Rule specifically provides that the court in which the evidentiary hearing is had "shall make findings of fact and conclusions of law on all issues presented . . ." and, if the court finds that the judgment under attack suffers from one or more of the infirmities enumerated within the Rule as grounds for post-conviction relief, provides that "the court shall vacate and set aside the judgment and

shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." There is no requirement that the court direct the sentencing judge, where he has been disqualified, to do anything. It is the final judgment granting the appropriate relief which effects the vacation, or other post-conviction relief adjudged. Rule 27.-26(i). *Kercheval v. United States,* 274 U.S. 220, 224, 47 S.Ct. 582, 71 L.Ed. 1009 (1927). *State v. Keeble,* 427 S.W.2d 404, 407[2] (Mo. 1968).

We make permanent the preliminary rule of prohibition heretofore issued and hold that the order heretofore entered in Cause No. 357049 of the Circuit Court of St. Louis County, *State of Missouri v. Doyle George Reece* on January 22, 1976, in Division No. 15 thereof, whereby defendant was ordered remanded to the custody of the Missouri Department of Corrections to serve the balance of the 25 year sentence imposed therein, is *void* and a nullity; and we further enjoin the respondent herein from implementing said Order.

There remains for disposition the appeal of the State of Missouri from the judgment of Division No. 6 of the Circuit Court of St. Louis County vacating the judgment of Division No. 15 of the same court in the criminal cause aforesaid. We now consider that appeal.

▮▮▮ Appellate review of a judgment in proceedings to vacate, etc., a judgment pursuant to the provisions of Rule 27.26 is limited by paragraph (j) of said Rule to a determination of whether the findings, conclusions and judgment of the trial court are "clearly erroneous." As employed in the context of the Rule, the term "clearly erroneous" means that although there may be evidence to support the finding and judgment of the trial court, the reviewing court may set aside the judgment of the trial court only where, on the entire evidence, it is left with a definite and firm conviction that the trial court was mistaken in its findings and conclusions. *Thurman v. State,* 523 S.W.2d 521, 528[3] (Mo.App.1974). The exercise by the trial court of the power

to order set aside a judgment of conviction and permit withdrawal of a guilty plea pursuant to Rules 27.26 and 27.25 is discretionary with the trial court and its action should not be disturbed on appeal except for an abuse of the exercise of its judicial discretion. *State v. Davis,* supra, l. c. 234[4]. Even where a reviewing court does not agree with the basis for the trial court's findings and conclusions in entering a judgment vacating a sentence and permitting withdrawal of a guilty plea, the judgment must be affirmed if it may be properly sustained on other grounds than those relied upon by the trial court. *State v. Kimes,* 415 S.W.2d 814, 815[2] (Mo.1967).

Although defendant's motion, as amended, alleged numerous grounds why his conviction should be vacated, the thrust of the evidence offered in support thereof was that when he entered his guilty plea he understood that he would either be placed on probation or, if the recommendation of the State Board of Probation and Parole was negative on his application for probation, the court would sentence him to 5 years in the penitentiary.

To ascertain whether the judgment of the trial court in the post-conviction proceeding was "clearly erroneous" the evidence adduced at the evidentiary hearing on the motion must be considered. The transcript of the plea-taking proceeding was introduced into evidence and read by the trial judge; it is incorporated into the record of that proceeding. In addition, the court-appointed assistant public defender who represented the defendant at the time he entered his guilty plea and the defendant himself testified. The State put on no evidence.

The State, on appeal, relies on a single point; that is, that the judgment of the trial court is clearly erroneous because the defendant voluntarily, knowingly and understandingly entered his plea of guilty and therefore his counsel cannot be found to have rendered ineffective representation. In support of this point it relies on *White v. State,* 530 S.W.2d 444, 446[2] (Mo.App.1975).

■ The State argues that the record of the plea-taking proceeding complied with Rule 25.04 and contained an admission by the defendant that he understood the judge's admonition that if he committed another crime prior to sentencing he could be sentenced to between 30 and 99 years. It points out that defendant admitted that he failed to report to the probation and parole office by fleeing to Arizona and not returning to Missouri for his sentencing and argues that this constituted a felony under 18 U.S.C. § 1073.[1] The fallacy of this argument is that a parole or probation officer is not a judicial officer within the meaning of 18 U.S.C. § 1073, and the failure of the defendant to report to a probation or parole officer does not constitute a crime under the federal statute. *United States v. Clark*, 412 F.2d 885, 891[7] (5th Cir. 1969).

The crux of this point is what the understanding of the defendant was at the time he entered his plea, and in deciding what that was we are faced with the finding of the trier of fact that defendant did, in fact believe, and had reasonable cause to believe, a "deal" was made that if he entered a guilty plea he would either be placed on probation or receive a sentence of 5 years in the penitentiary. This finding rests on the sentencing judge's statement to him that ". . . if I do not give you probation, I *would probably* sentence you to five years in the penitentiary." (Emphasis supplied).

We have found no case exactly in point, and although we have researched the question thoroughly we have found only a very few cases where a judgment in post-conviction proceedings has been reversed on appeal. This is undoubtedly due to the limited review afforded either to movant or the State in such cases. Even in those instances where post-conviction relief was denied we find many conflicting statements which seem to confuse rather than enlighten the researcher. However, the State has conceded, page 23 of its brief:

"Of course, for nearly 100 years, Missouri courts have recognized that where a guilty plea is induced by a false promise of minimum punishment, the guilty plea is involuntary. See *State v. Stephens*, 75 [71] Mo. 535 (Mo.1880)."

■ The law is well settled that where a defendant has been misled or induced to plead guilty by fraud or mistake, by misapprehension, fear, persuasion or the holding out 'of hopes which prove to be false or ill-founded, he should be permitted to withdraw his guilty plea. *State v. Cochran*, 332 Mo. 742, 60 S.W.2d 1, 2[7] (1933); *State v. Williams*, 361 S.W.2d 772, 775[4] (Mo. banc 1962). It is immaterial whether the mistake, misapprehension, fear, persuasion or holding out of hopes which proved to be false or ill-founded, was intentional or unintentional. *State v. Dale*, 282 Mo. 663, 669, 222 S.W. 763, 764 (Mo.1920).

We have been cited to no case where a statement, such as we have here, was made to a defendant contemplating the entry of a guilty plea has been considered on a motion to vacate under Rule 27.26. In *Brown v. State*, 526 S.W.2d 55, 56 (Mo.App.1975) the defendant alleged as grounds for his post-conviction relief pursuant to Rule 27.26 that, among other things, "his counsel told him he would '*probably*' receive a seven year sentence because two other people involved in the same offense had received seven year sentences." (Emphasis supplied). However, in affirming the judgment denying post-conviction relief, the appellate court found that it was shown beyond any doubt in the transcript of the hearing at which the plea was accepted that the defendant voluntarily and knowingly

---

1. We note specifically the absence of any reference to § 544.665 Laws 1972, p. 1027, § 1, effective August 13, 1972, at the time defendant was admonished about any criminal activity while on recognizance when his plea was accepted on July 1, 1974. This statute, modeled after § 1073, 18 U.S.C. made it a crime for any person released on bail or recognizance to "willfully" fail to appear before any court or judicial officer as required, and if the defendant was on bail or recognizance on a pending felony charge the crime of failing to appear was also a felony punishable by a fine of not more than $5,000.00 or imprisonment for more than 5 years. It is interesting also that the State failed to cite this statute rather than the federal statute in support of this line of argument.

entered a plea of guilty, knowing and acknowledging to the court that his sentence would range anywhere from five years to life imprisonment. In *Brown* there was no contention that the defendant was misled by any statement made by the judge who accepted his plea, and for that reason we do not find *Brown* in point.

We are convinced that there was no intention on the part of the judge in this case to mislead the defendant standing before him for arraignment. But that is not the question the trial judge in the post-conviction hearing had to decide. He had to determine from the evidence, whether, in fact, this statement had that effect, and whether it was reasonable for the defendant to form the belief he alleged was in his mind at the time he entered his guilty plea. What the defendant believed was an issue of fact dependent upon the credibility of the defendant himself and was a matter for the experienced trial judge to resolve. *Babock v. State*, 485 S.W.2d 85, 90[13] (Mo. 1972).

We also conclude that the trial court's judgment on this point is supported by the exclamation of the assistant public defender subsequent to imposition of sentence which evidence surprise at the length of sentence imposed and that it exceeded that recommended by the prosecuting attorney. From this evidence we are of the opinion that the trial judge could have concluded, as we have, that there was much in the nature of plea bargaining omitted from the record. Again, we do not believe that this was deliberately done, but there are references made to discussions between the assistant public defender and the sentencing court about the case which are not a part of the record. This, viewed in light of the defense counsel's testimony that he never undertook negotiations with the office of the prosecuting attorney and was not personally informed of the prosecutor's recommendation, although he was solely in charge of the defendant's case, the passive participation of the assistant prosecutor at the plea-taking, and the statement of probabilities by the sentencing judge, lends weight to the

trial court's findings that the defendant had reason to believe that when he waived extradition in New Mexico his application for probation would be denied and he would be sentenced to five years in the penitentiary.

Misconduct by a defendant subsequent to a guilty plea may furnish a basis for withdrawal of a guilty plea where, by reason of that misconduct the trial judge concludes he can no longer abide by an agreement or promise the defendant reasonably believes was made at the time the plea was entered and accepted. Whether the defendant should be granted leave to withdraw his plea depends on the record made when the plea was entered and accepted. However, there is good authority for the trial judge, under those circumstances, to advise the defendant that whatever his understanding was at the time the plea was accepted, because of his subsequent misconduct, the sentence discussed at that time is no longer feasible, and then afford the defendant an opportunity to withdraw his plea.

Where a defendant misled his counsel, the prosecuting attorney and the judge relative to his prior criminal record and was thereby led to believe that upon entering a guilty plea he would receive favorable consideration for probation, the court in *State v. Roach*, 447 S.W.2d 553 (Mo.1969) ordered a sentence and judgment of conviction vacated and the guilty plea withdrawn after a pre-sentence investigation brought to light his extensive prior criminal record. When the court before which the plea had been entered learned of the defendant's criminal record it denied his request for probation and sentenced him to the penitentiary. The reviewing court found as a fact that Roach had reason to believe that he would be granted probation if he pleaded guilty, and said, l.c. 557: "From the exchange between the court and the accused the latter *reasonably could have anticipated* that he would receive probation." (Emphasis supplied). The fact that the defendant had misled the court, the prosecutor and his own counsel was not grounds to deprive him of his right

to a voluntary plea,[2] free from any encouragement of leniency although it was authored by his own misconduct.

■ We believe the principle recognized in *State v. Roach*, supra, is equally valid here. The voluntary nature of defendant's guilty plea depends upon his understanding of what sentence he was to receive in return for it at the time his plea was entered. It is apparent from the record of the evidentiary hearing on the defendant's motion to vacate, as well as from the record of the plea-taking, that he had been conditioned to expect leniency in the form of probation or a minimum sentence by his court-appointed counsel in return for a guilty plea. He was encouraged to waive his preliminary hearing after the second conference and was advised of the "judicial philosophy" of the judge before whom he was to come for arraignment, and that judge's penchant to consider first-offenders for probation. When brought before the judge he was prepared to throw himself on the mercy of the court and was told by the judge that if he failed of probation he "probably" would be sentenced to a five year term.

In these circumstances, and despite the admonitions of the judge that if he committed "a crime" while on recognizance awaiting the results of a presentence investigation the "book" would be thrown at him, we cannot hold that the trial court was clearly erroneous in its finding that the defendant not only believed, but had reason to believe, that the alternative available to him upon entering a guilty plea was either probation or a sentence of 5 years imprisonment.

■ Although we recognize that there is authority for a sentencing judge to take into consideration the fact that the defendant failed to appear in determining the length of sentence to be imposed upon a plea of guilty, we nevertheless also conclude that where the sentencing judge on that account feels no longer inclined to impose a "probable" 5 year sentence he had held out

to the defendant at the time the defendant entered and he accepted, a guilty plea, prior to imposing sentence he should have afforded the defendant an opportunity to attempt to explain the circumstances of why he failed to appear and if unmoved thereby should have offered the defendant an opportunity to withdraw his guilty plea and stand trial, or, if he so chose, submit himself to the mercy of the court. Were this done, at least the spirit of *State v. Roach*, supra, would have been satisfied.

Under the facts of this case we need not decide whether defendant's court-appointed public defender's representation met the minimum standards guaranteed the defendant by the Sixth Amendment of the United States Constitution. It is apparent that in his zeal to get the best possible "deal" for his client, counsel's judgment that a guilty plea was the only avenue open to him may well have been proper under the circumstances and more particularly in view of statements his client had made to him relative to his complicity in the commission of the crime. Nevertheless, he too expressed his amazement at the 25 year sentence imposed immediately subsequent to the pronouncement of sentence and was rebuffed by the sentencing court. Counsel's exclamation might well have been considered by the trial court in its finding that defendant's belief that he would either be placed on probation or sentenced to a 5 year term was not without foundation in fact. Nevertheless, if the defendant's plea was not voluntary because entered with a mistaken belief on his part concerning the alternatives available to him in return for the plea, and if this mistaken belief was contributed to by the statement of the judge accepting the plea that if he did not enjoy probation his sentence would be 5 years, the plea, the sentence and conviction were properly vacated and the defendant was properly granted leave to withdraw his guilty plea regardless of whether his counsel rendered

2. We are not confronted here with the propriety of the sentencing judge enhancing the sentence of the defendant by reason of his failure to appear. See *Haslam v. United States*, 431

F.2d 362, 363[1, 2] (9th Cir. 1970), opinion adhered to on rehearing, 437 F.2d 955 (9th Cir. 1971) certiorari denied 402 U.S. 976, 91 S.Ct. 1680, 29 L.Ed.2d 142.

effective representation or did not. The fact that the plea was found to be involuntary alone is sufficient to support the judgment of the trial court.

The judgment of the trial court on defendant's motion to vacate sentence and to grant him leave to withdraw the guilty plea of July 1, 1974, is affirmed.

SIMEONE, C. J., and GUNN, J., concur.