Robert J. STONER, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 26249.

Missouri Court of Appeals,
Kansas City District.

March 4, 1974.

Carl D. Gum, Belton, for appellant; Thayer, Gum, Ernst & Wickert, Belton, of counsel.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P. J., and SWOFFORD and SOMERVILLE, JJ.

SWOFFORD, Judge.

This is an appeal from the denial of appellant's motion for a Writ of Error Coram Nobis seeking to set aside a conviction, upon a guilty plea, and a sentence imposed in the circuit court of Cass County, Missouri in 1960. Appellant was there charged with the statutory offense of stealing over $50.00. The specific charge was that he had stolen some 30 firearms (rifles and shotguns) valued in excess of $1,800.00 from the owner thereof, T. E. Guey of Drexel, Missouri.

Upon his plea of guilty, appellant was sentenced to three years. He served approximately ten months of this sentence. The apparent reason for this attack upon the Cass County proceedings in 1960 is that such conviction was utilized, in 1969, as the basis for the application of the Second Offender statute, Section 556.280, RS Mo 1969, in connection with a Greene County Missouri conviction for possession of burglary tools for which appellant received the maximum sentence of five years. He is presently serving that sentence.

In this proceeding appellant originally filed a motion under Rule 27.26 V.A. M.R., but by amendment and by ruling of the court below the motion was treated as

an application for a writ of error coram nobis. Such is the proper vehicle to present an application for relief for the causes set forth in Rule 27.26 after the sentence complained of has been served. Halley v. State, 485 S.W.2d 5 (Mo.1972); State v. Carter, 399 S.W.2d 74 (Mo.1966); State v. Stodulski, 298 S.W.2d 420 (Mo. 1957). In this proceeding our review is limited to a determination of whether the findings, conclusions and judgment of the court below are clearly erroneous. Thomas v. State, 465 S.W.2d 513 (Mo.1971).

Appellant's brief fails in many obvious particulars to comply with the simple and plain requirements of Rule 84.04. The failures are of such a degree as to warrant dismissal of this appeal under 84.08. Ward v. Johnson, 480 S.W.2d 104, 107 (Mo.App.1972). However, once again, in the interest of justice, we do not take that punitive action. On the other hand we have carefully studied the transcript of the guilty plea proceedings, the appellant's motion and amendment thereto; the transcript of the evidentiary hearing thereon; the court's detailed findings of fact and conclusions; the briefs and authorities cited therein and have conducted independent legal research.

The record before us clearly shows that the appellant and his cousin, Richard Talley, were arrested in Independence, Missouri on December 31, 1959 on the Cass County charge of stealing over $50.00 and were taken to Harrisonville, Cass County, Missouri. At that time appellant was 21 years of age.

On January 4, 1960 he was taken to the magistrate court, the information was read to him, he entered a plea of not guilty and waived preliminary hearing. At that time he discussed with the prosecutor what sentence he could expect upon a plea of guilty. He was then (on the same day) taken to the circuit court where he again discussed plea bargaining with the prosecutor. It was agreed that upon a plea of guilty the prosecutor would recommend to the court that appellant be sentenced to three years in the Algoa Intermediate Men's Reformatory. He was apparently also told that upon good behavior he could be released within a year, and that other charges against him in other jurisdictions of the state would not be filed or would be dismissed.

Further the record shows that between the date of his arrest and January 4, 1960 the appellant's mother and his aunt (Talley's mother) talked with the prosecutor and also received these assurances and they, thereupon, counseled the appellant to plead guilty to the charge.

The circuit court on January 4, 1960 appointed a member of the Cass County bar to represent appellant at the plea proceedings. This attorney conferred with appellant for a short length of time before the plea and apparently told him that the prosecutor's word could be depended upon. The record shows that the information was again read to appellant in the circuit court.

At the plea hearing the court established that the appellant was then 21 years of age; that he had conferred with the appointed attorney; that the range of punishment had been explained to him; that he desired to plead guilty; that he had not been influenced or induced to enter this plea by anyone representing the state; and that he entered the plea voluntarily. The following also appears in the record:

"Q. (The Court) Are (you) pleading guilty voluntarily for the reason you understand the nature of this charge and in your judgment you are a guilty person?

A. (Appellant) Yes, sir."

The court thereupon received the recommendation of the prosecuting attorney, sentenced appellant to three years and, as above stated, he was confined in Algoa for approximately ten months and then released. No other charge, then pending or contemplated was ever pressed against

him. The plea bargain he had made with the prosecutor, individually and through his mother and aunt, was carried out to the letter.

Appellant never specifically denied his guilt and, in fact, his cousin, Talley, charged with the same offense, when called as a witness on appellant's behalf in the evidentiary hearing below freely admitted their joint participating in the offense charged.

Appellant complains that the appointment of counsel shortly before the plea and the fact that he only conferred with counsel for a few minutes, was in effect a denial of the effective assistance of counsel. Upon this record we do not agree. The plea bargain had been made by appellant and the prosecutor for a sentence less than one-third of the maximum and the function of the court appointed counsel and the determination of whether or not such counsel provided effective assistance becomes pertinent only as such assistance might bear upon whether or not the guilty plea was voluntarily and knowingly made under Rule 25.04. Barylski v. State, 473 S.W.2d 399, 402 (Mo.1971); Griffith v. State, 504 S.W.2d 324 (Mo.App.1974); Kress v. United States, 411 F.2d 16, 22 (8th Cir. 1969); State of Missouri v. Turley, 443 F.2d 1313 (8th Cir. 1971).

Appellant also asserted that the prosecutor and sheriff had "prevented" him from hiring his own counsel and thus deprived him of effective assistance of counsel. We find no record basis for this claim.

■ The court below properly found that the guilty plea entered by the appellant over fourteen years ago was voluntarily and knowingly entered under Rule 25.04; that he had been afforded effective assistance of counsel at such plea hearing; that he had not met the burden imposed upon him as to his other claims of error in the proceedings; and that none of his substantial rights had been violated.

We therefore hold that the trial court's findings, conclusions and judgment denying appellant's application for a writ of error coram nobis were not clearly erroneous and no abuse of discretion appears.

Accordingly the judgment is affirmed.

All concur.