William E. WHITE, Movant, Appellant,

v.

STATE of Missouri, Respondent.

No. 36695.

Missouri Court of Appeals,
St. Louis District,
Division One.

Nov. 4, 1975.

Motion for Rehearing or Transfer
Denied Dec. 10, 1975.

Charles D. Kitchin, Public Defender, James W. Whitney, Jr., Asst. Public Defender, St. Louis, for appellant.

John C. Danforth, Atty. Gen., K. Preston Dean, II, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Julian D. Cosentino, Asst. Circuit Atty., Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

WEIER, Presiding Judge.

William E. White pleaded guilty to three counts of robbery in the first degree by means of a dangerous and deadly weapon. § 560.135, RSMo.1969. He was sentenced to twelve years on each count, the sentences to run concurrently. Defendant then moved to vacate his sentence pursuant to Rule 27.26. His motion was denied by the circuit court after an evidentiary hearing and he appeals from this judgment.

The state contends that defendant did not file timely notice of appeal and that this court thus lacks jurisdiction. We dispose of this first since if we have no jurisdiction we cannot consider the merits of the appeal. The contention is without merit. "The rules applicable to appeals in civil proceedings govern, since a proceeding under Criminal Rule 27.26 is regarded as a civil proceeding. [Citation omitted.] Civil Rule 82.-04 [now 81.04], governing the time and manner in which appeals shall be taken, provides that no appeal shall be effective unless the notice of appeal shall be filed not later than 10 days after the order appealed from becomes final. For the purpose of ascertaining the time within which an appeal may be taken, a judgment becomes final at the expiration of 30 days after the entry of such judgment, where (as in this case) no motion for a new trial is filed." *State v. Gullett,* 411 S.W.2d 227, 228[1–4] (Mo.1967). See also *State v. Lindner,* 498 S.W.2d 754, 755 (Mo. banc 1973); *Johnson v. State,* 521 S.W.2d 479 (Mo.App.1975).

■ Judgment was entered on October 29, 1974. Since no motion for a new trial was filed, the judgment became final on November 28, 1974. Rule 81.05(a). Defendant's notice of appeal was filed November 26, 1974, two days before the judgment became final. Notice of appeal is timely if filed within ten days after the judgment or order appealed from becomes final. Rule 81.04. Any notice of appeal filed prematurely is deemed filed immediately after the time the judgment becomes final for the purpose of appeal. Rule 81.05(b). Defendant's notice of appeal was timely.

On the merits, movant contends that, because of ineffective assistance of counsel, his guilty pleas were a product of coercion and duress rather than voluntarily and knowingly made as required by Rule 25.04. His charge arises from the events that preceded his arraignment. Movant's sister testified at the hearing on his 27.26 motion that the attorney originally hired to represent her brother told her that "the worst he could get my brother was five years". Movant's mother also stated that the attorney told her that "he would get him five years". Movant testified that counsel told him several times that he would arrange to obtain a five year sentence and admission into a drug program if movant pleaded guilty. Two days before his arraignment, however, movant's counsel informed him that the best sentence that could be expect-

ed for him was twelve years. On the day that his plea was entered, his counsel informed him that if he chose to go to trial he could receive twenty-five years on each count.

Movant's trial counsel testified that, in light of the evidence against movant, it would have been impossible to obtain an acquittal. He informed both movant and his family that he "would like" to obtain a sentence of five years for him. This occurred, however, before counsel was aware of movant's background, his previous record and the state's case against him. After his initial meetings with movant and his family, counsel also learned of the sentences received by two co-defendants. The co-defendant who pleaded guilty and who had no prior convictions received a twelve year sentence. The other was found guilty by a jury and received a twenty-five year sentence. Counsel explained the situation to movant and his family and "pleaded with them to take twelve years". He believed that this was the best sentence that could be obtained for his client.

The record made at the time of arraignment indicates that before entering his pleas movant was questioned extensively regarding the voluntary and understanding nature of his plea on each of the three counts as required by Rule 25.04. The existence of a factual basis for the guilty pleas was determined and movant was advised of the rights he was waiving by not having a jury trial. He stated that no promises or threats had been made to obtain his pleas of guilty; that he was satisfied with the advice of his counsel; that his plea to each count was his own "free and voluntary act"; and that he understood the possible range of punishment for his offenses. His guilty pleas were accepted on each count and sentence was passed. Following the hearing on the 27.26 motion to set aside the judgment, the court entered findings of fact and conclusions of law and denied the motion.

Movant contends that his guilty pleas cannot be said to have been made knowingly and voluntarily because he was misled by his attorney who first stated that he would receive a five year sentence and then informed him two days before arraignment that he could expect twelve years. Testimony adduced at the hearing was in conflict over whether movant's counsel ever promised that he would obtain a five year sentence. Movant testified that on three occasions his attorney promised him a five year sentence. His attorney, when asked if he had ever made such a promise, stated: "I guess I told them I would try to. The best I could do was 12 years." Witnesses did agree that movant was fully advised before the pleas were entered of the likelihood of a twelve year sentence being imposed. On appeal, movant correctly asserts that a guilty plea is invalid if not knowingly and understandingly made, *State v. Reese,* 481 S.W.2d 497, 499[1–3] (Mo. banc 1972), and that when a guilty plea is entered, "the issue of ineffective assistance of counsel then becomes concomitant with the issue of whether the guilty plea was knowingly and voluntarily entered." *Williams v. State,* 508 S.W.2d 211, 213[3–4] (Mo.App. 1974). Once a plea of guilty is entered, however, "the adequacy of representation by counsel is reviewable only to the extent that it bears upon the voluntariness and understanding with which the plea was made." *Floyd v. State,* 518 S.W.2d 700, 703[9] (Mo.App.1975). "If a guilty plea has been knowingly and voluntarily made, counsel can not be charged with affording ineffective assistance  *  *  *." *Williams v. State, supra* at 213[4].

The findings of fact of the trial court in the instant case were that "the movant was properly and ably represented"; that the defendant "had adequate time to confer with counsel"; and that the guilty plea "was voluntary and intelligently made". These findings are presumed to be correct and should be affirmed unless clearly erroneous. Rule 27.26(j); *Richardson v. State,* 470 S.W.2d 479, 481[1] (Mo.1971). Although there was conflict in the testimo-

ny regarding defense counsel's representation of the sentence that movant would receive, movant concedes that two days prior to his arraignment his attorney told him of the possibility of a twelve year sentence. In response to extensive questioning by the judge accepting movant's pleas, movant stated that no threats or promises had been made, that he was satisfied with the advice of counsel, and that each plea was his own free and voluntary act. Review of this record plainly indicates that movant was ably advised by his counsel and that he understood the charge against him, his right to a jury trial, the possible punishment and the consequences of his plea. Movant failed to introduce any evidence at his 27.26 hearing that would support a contrary conclusion. Counsel advised him that a twelve year sentence was the best he could obtain, but did not coerce movant into accepting it. The findings, conclusions and judgment of the trial court that movant's pleas were voluntarily and knowingly made are amply supported by the record.

The judgment is therefore affirmed.

DOWD and RENDLEN, JJ., concur.