STATE of Missouri, Respondent,

v.

Billy Eugene CANNON, Appellant.

No. 35630.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Dec. 9, 1975.

Rehearing Denied Jan. 23, 1976.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., St. Louis, for respondent.

Greensfelder, Hemker, Wiese, Gale & Chappelow, Joseph R. Meives, St. Louis, for appellant.

CLEMENS, Presiding Judge.

*Coram nobis.* Petitioner Billy Eugene Cannon pleaded guilty to four felonies in 1961 and the court sentenced him to twelve years' imprisonment. In 1968, having been discharged, Cannon was tried under the Second Offender Act for armed robbery, found guilty by a jury and on the basis of his four prior convictions the court sentenced him to 18 years' imprisonment.[1] He is now serving the 1968 sentence. Petitioner now contends his guilty pleas in 1961 were invalid and the ensuing judgments were not a lawful basis for applying the

1. Judgment affirmed, *State v. Cannon*, 465 S.W.2d 584 (Mo. banc 1971).

Second Offender Act to his 1968 convictions. The 1961 guilty pleas and sentences were before Judge Michael J. Scott, who also presided at the instant 1974 *coram nobis* hearing.[2] Following an evidentiary hearing on the *coram nobis* petition the trial court denied relief and the petitioner appeals.

In challenging his pleas of guilty to the underlying 1961 charges, the petitioner contends (1) he was not represented by counsel, (2) counsel did not render effective assistance and (3) his 1961 guilty pleas were not entered knowingly, intelligently and voluntarily. These contentions in turn.

On the lack of counsel point, petitioner called as a witness Mr. Jack Koehr, a public defender whose name appeared on court file jackets concerning the four 1961 guilty pleas. Mr. Koehr had no recollection of having represented petitioner some 13 years before. Petitioner testified he did not "have a lawyer" when his guilty pleas were entered.

 This testimony, supporting petitioner's contention of no counsel, is countered by the court's formal judgments which state in each of the four cases: ". . . comes . . . the defendant herein, in person, in the custody of the sheriff of the city, and in the presence of Jack Koehr, Public Defender, in open court; whereupon . . .," etc. Against this solemn record showing petitioner did have counsel (in 1961), the petitioner stated (in 1974) that he did not. Mr. Koehr's testimony was qualified and inexact. While he did say he was not involved in petitioner's plea, the statement was made in indefinite terms. Certain things he found he could not recall; he doubted he had been involved as a participant in the plea. Those questions he felt should be answered, were answered, "As best I can recall." Mr. Koehr was hesitant to frame his answers with exactitude, failing to respond definitely yes

or no. Reviewing a dry record we cannot discern the weight to be given testimony; this is for the trial court. The court found a 13-year-old court record more reliable than this testimony. The trial court properly considered the 13-year lapse of time and the petitioner's self interest, and had the right to—and did—disbelieve the petitioner. *Hamel v. State*, 508 S.W.2d 288[6–8] (Mo.App.1974). No error appears in the trial court's denial of petitioner's point that he had no counsel when he entered his four guilty pleas in 1961. Petitioner's first point is denied.

We treat petitioner's second and third contentions together. These are that the trial court erred in ruling against his contentions of ineffective assistance of counsel and that his 1961 pleas were entered unknowingly, unintelligently and involuntarily.

At his evidentiary hearing, the petitioner testified that after his arrest in 1961 the police beat him and he confessed because the police told him the beating could go on all night. He further testified the prosecutor offered to recommend a sentence of seven years in exchange for his plea of guilty but that the court sentenced him to twelve years. He testified that if counsel was appointed he was not aware of it. He also testified that when his pleas of guilty were entered the court did not advise him of the range of punishment; that he was waiving his right to appointed counsel; that the State had to prove its case beyond a reasonable doubt; that he had a right to withdraw his plea if the sentence was greater than that recommended by the prosecutor; he said he did not inform the court of the seven-year recommendation because he felt it would do no good once he had signed "[his] papers."

 We follow two principles in assessing the trial court's denial of post-conviction relief. First, the petitioner had the

2. Plea proceedings in 1961 did not have to be transcribed and filed and by 1974 the court reporter's notes were lost.

burden of proof to establish his allegations by a preponderance of the evidence. *Howard v. State*, 493 S.W.2d 14[5] (Mo.App. 1973). Second, it was for the trial court to weigh and it had a right to reject, as it did, the petitioner's testimony.[3] This applies even though there was no evidence to the contrary. See *Shoemake v. State*, 462 S.W.2d 772[1–4] (Mo.1971).

In denying relief the trial court found that "petitioner's credibility lacks reliability when considered in the background of his extensive familiarity with criminal involvement, arrest procedures, his previous experience with the operations of the circuit courts of the State of Missouri, and in view of the additional experience the petitioner had had with juvenile proceedings."

Following the instant evidentiary hearing the trial court ruled on this, finding " . . . Accordingly, the Court finds that there was a formal opportunity for the petitioner to have attacked his 1961 convictions before a court of law in the year 1968. The Court feels that it would be incredible to now credit the defendant's assertions in the fact of his inferentially voluntary confession that he had been so convicted of four prior felonies in 1961. . . . At no time during his testimony did the defendant at the 1968 trial, the petitioner here, offer any suggestions or statement to the Court other than he had pleaded guilty to these charges and was in fact responsible under the law for his activities in those four prior felony cases. Accordingly, the Court discredits the petitioner's evidence to the effect that he was ever afforded any opportunity to do anything about the Court's action in 1961." The Court found it "incredible to believe that the defendant sat in the courtroom in 1968 and participated in making a record of his guilt in those four prior felonies and now requests this Court to accept his contentions of complaint about the direction, manner and method of dealing with his pleas in the year of 1961."

3. In *Hamel v. State*, 508 S.W.2d 288[6–8] (Mo.App.1974), we held "the trial court also had the right to consider the lapse of time in

The trial court's denial of petitioner's writ of error *coram nobis* was not clearly erroneous.

Judgment affirmed.

KELLY and STEWART, JJ., concur.

determining the good faith and credibility of the appellant who was seeking the post-conviction relief."