**Michael SHEPHERD, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 36282.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Aug. 17, 1976.

Huck, Kasten & LaBeaume, Herbert A. Kasten, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

Movant Michael Shepherd has appealed from the denial of his Rule 27.26 motion to set aside a 1973 judgment. He was sentenced to concurrent twenty-five and fifteen-year terms on pleas of guilty to first degree robbery and second degree murder. The charges arose from movant's participation in an armed robbery in which a second participant fatally shot a customer. The sentences imposed were to run concurrently, not only with each other but also concurrently with two other concurrent thirty-year sentences received in 1972 on unrelated charges. The circuit court denied the Rule 27.26 motion without an evidentiary hearing after a review of the records and transcript of the guilty plea proceeding. We affirm.

■ Movant first contends his pleas were coerced because of the allegedly invalid 1972 sentences. This is refuted by the record. The transcript of the present guilty plea proceeding shows these prior pleas and their possible invalidity were discussed in detail by all parties and that movant entered his pleas with full knowledge and understanding of the questionable validity. Movant's allegations afford no basis for relief. See *Tyler v. State,* 496 S.W.2d 793[1] (Mo.1973) for a similar situation.

■ Movant's second contention is that his pleas were involuntary because his counsel told him he would get consecutive rather than concurrent sentences if he chose to go to trial. This is also insufficient to entitle movant to relief. Counsel's representation that a defendant faces a possible lengthy term of imprisonment if found guilty by a jury after trial does not form a basis for an evidentiary 27.26 hearing. *Smith v. State,* 513 S.W.2d 407[3] (Mo.1974), cert. den. 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975).

■ Movant was not entitled to an evidentiary hearing. Where the motion, files and records conclusively establish that a movant is not entitled to relief, an evidentiary hearing is not required under Rule 27.26. *Winston v. State,* 533 S.W.2d 709[8] (Mo.App.1976).

After a complete review of the guilty plea proceeding, we conclude the denial of the motion without an evidentiary hearing

is not clearly erroneous as required for relief under Rule 27.26(j).

Judgment affirmed.

DOWD and STEWART, JJ., concur.