Carl W. **PAXTON**, Petitioner-Appellant,

v.

**STATE of Missouri, Respondent.**

**No. KCD 29346.**

Missouri Court of Appeals,
Kansas City District.

April 3, 1978.

Motion for Rehearing and/or Transfer
Denied May 1, 1978.

Application to Transfer Denied
June 15, 1978.

Joe Hamilton Scott, Public Defender, William F. Bauer, Asst. Public Defender, Fifth Judicial Circuit, St. Joseph, for petitioner-appellant.

John D. Ashcroft, Atty. Gen., Robert L. Presson, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, Judge.

Appeal from a denial of a writ of error coram nobis to vacate an already completed two-year sentence for stealing. The petitioner pled guilty to the stealing charge in 1964. Petitioner is now serving a life sentence on an unrelated conviction. The trial court, after evidentiary hearing, denied the writ of error coram nobis.

The appeal asserts three grounds for reversal: first, that the information charging stealing was fatally defective; second, his plea was unknowing, unintelligent, and involuntary; third, that the trial court failed to comply with Rule 25.04.

■ The first claim is predicated upon the assertion that the information fails to allege whether the stealing was by deceit or by lack of consent and that such a failure to so charge as to the manner of taking makes the information fatally defective, depriving the court of jurisdiction. The rule that an information which fails to charge a crime is a nullity and cannot support a conviction is well settled. *State v. DiLiberto,* 537 S.W.2d 671 (Mo.App.1976). The argument, however, fails in its premise that the information is so fatally defective that no jurisdiction attached. The case relied upon, *State v. Newhart,* 503 S.W.2d 62 (Mo.App.1973), holds to the contrary. In *Newhart,* the court held that the information which did not specify the manner of stealing was defective in not apprising the defendant of the particulars, but specifically and unequivocally rejected the argument that the information in *Newhart* was so fatally defective that the trial court was without jurisdiction. The information in the instant case likewise was not so fatally defective as to deprive the trial court of its jurisdiction.

The petitioner testified at the evidentiary hearing to a litany of complaints as to his lack of knowledge and understanding of his rights in entering the plea. According to the petitioner, if his testimony be believed, he was not informed by court or counsel of a single constitutional right. The evidence on the part of the State did not rebut each of these allegations. The record of this 1964 plea hearing is not as complete as is now the practice. The State's evidence and the record at the time of the plea tend to show that the petitioner was advised in the Magistrate Court and in the Circuit Court of the charge against him. The circuit judge read the charge and explained the right to a jury trial. The range of punishment was disclosed. Counsel had been appointed, was present, and participated in the proceedings. Before sentencing, the prosecuting attorney indicated he was recommending probation, and it is a fair inference from the whole record of the plea hearing that the proceedings were on the basis of a plea bargain between the prosecutor and the appointed counsel.

■ In a coram nobis proceeding, the burden of proof is on the petitioner, and he must establish his allegations by a preponderance of the evidence. *State v. Cannon,* 532 S.W.2d 804 (Mo.App.1975); *Howard v. State,* 493 S.W.2d 14 (Mo.App.1973). Appellate review of such proceedings is limited to a determination of whether the trial court's findings, conclusions, and judgment are clearly erroneous. *Stoner v. State,* 507 S.W.2d 80 (Mo.App.1974).

■ The trial court had a right to disbelieve the testimony of the petitioner. *Cannon, supra.* There was certainly a basis for that disbelief, for the petitioner testified to a failure on the part of the judge at the plea hearing to advise him of his rights in any respect. He denied, for instance, he was advised of his right to a jury trial, a statement which the record of the plea hearing unquestionably refutes. The finding of the trial court on this branch of the petitioner's claim is not clearly erroneous. *Cannon, supra; Stoner, supra.*

■ Finally, petitioner claims that the trial court erred in finding that his guilty plea had been voluntarily entered because

the court that took the plea failed to comply with Rule 25.04 which was in effect at the time the plea was entered. The transcript shows that the judge did not ask any questions. However, the lack of strict compliance with Rule 25.04 does not require that a guilty plea be set aside or vacated unless it can be established by a preponderance of the evidence that the plea was entered involuntarily or without the defendant understanding the nature of the charge. *State v. Mountjoy,* 420 S.W.2d 316 (Mo.1967). When making a determination in a post-conviction proceeding whether or not a guilty plea is made voluntarily and with an understanding of the nature of the charge, the court is not limited to a consideration of what appears in the record of the guilty plea, but it also may consider evidence produced at the hearing on the motion to vacate. *Flood v. State,* 476 S.W.2d 529 (Mo.1972); *Jones v. State,* 494 S.W.2d 659 (Mo.App.1973). It should be noted that the plea was entered prior to the United States Supreme Court decision in *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), which requires a greater degree of questioning by the trial judge at the time of the plea than was given at petitioner's guilty plea. However, *Boykin* is not to be applied retroactively. *Crego v. State,* 447 S.W.2d 550 (Mo.1969).

As pointed out earlier, the evidence at the hearing revealed that the same trial court that accepted the plea had questioned the petitioner during an earlier arraignment about his understanding of the nature of the offense and had informed him of his constitutional rights. Further, the prosecutor testified that no one had coerced the petitioner into entering the plea, and the petitioner did not refute this assertion during the evidentiary hearing.

From the foregoing, it is clear that the trial court was warranted in finding that the petitioner did not establish that his plea was entered involuntarily or without sufficient knowledge of the charge against him by a preponderance of the evidence. Thus, the decision of the trial court holding that the plea was properly entered despite the absence of strict compliance with Rule 25.04 is not clearly erroneous. *Mountjoy, supra; Stoner, supra.*

The disposition of the merits of the claim to relief makes it unnecessary to consider the claim as to the effect of the prior conviction.

The trial court's denial of the writ is affirmed.

All concur.