Charles PERRY, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 39361.

Missouri Court of Appeals,
St. Louis District,
Division One.

April 25, 1978.

O. J. Gibson, Jr., Cape Girardeau, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Bradshaw Smith, Pros. Atty., Cape Girardeau, for respondent.

CLEMENS, Presiding Judge.

Movant Charles Perry (hereafter defendant) pleaded guilty to separate charges of unlawful sale of a firearm and assault without malice. The trial court sentenced him to four years' imprisonment on the weapon charge and a consecutive three-year term on the assault charge. Defendant's Rule 27.26 motion was denied without an evidentiary hearing and this denial is now assigned as error.

Defendant contends the allegations in his motion were sufficient to require an evidentiary hearing—his pleas were involuntary because he was subject to coercion, his counsel was ineffective, and he was not aware of the possible range of sentences. Other reasons stated in the motion are not considered since we review only matters briefed on appeal. *McQueen v. State*, 475 S.W.2d 111[3] (Mo.1971).

■ Three prerequisites must be met to qualify for an evidentiary hearing on a Rule 27.26 motion: (1) Movant must allege facts as distinguished from conclusions; (2) those facts must raise matters not refuted by the record in the trial court; (3) matters complained of must have resulted in prejudice. *Haliburton v. State*, 546 S.W.2d 771[1] (Mo.App.1977).

■ Defendant's allegations all fall short of complying with the second prerequisite. Both guilty pleas refute the allegation his pleas were involuntary because he was subject to coercion. In response to questions by the trial court, defendant stated his pleas were not made in response to promises, threats or force, but were voluntary and freely entered. Such a refutation shows a guilty plea was entered with full knowledge, making an evidentiary hearing unnecessary. *Shepherd v. State*, 540 S.W.2d 619[1] (Mo.App.1976).

The records refute defendant's allegation of ineffective assistance of counsel. When asked if he was satisfied with his attorney's efforts, defendant answered, "Yes, sir; he tried hard," and, "He's all right; there ain't nothing he did wrong." Additionally, this allegation fails to meet the first prerequisite, since a bare assertion of ineffective assistance of counsel is conclusory. *State v. Washington,* 399 S.W.2d 109[7] (Mo.1966).

Defendant's final allegation, that he was unaware of the range of sentences, is also contradicted by the record. In each case, the court explained the range of punishment which could be imposed and defendant said he understood.

The trial court did not err in denying defendant's motion without an evidentiary hearing.

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.