Roderick Tituson HARVEY, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 40316.

Missouri Court of Appeals, Eastern District, Division Four.

Jan. 23, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 16, 1979.

Application to Transfer Denied March 13, 1979.

Robert C. Babione, Public Defender, Linda Murphy, Asst. Public Defender, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Michael Elbein, Paul Robert Otto, Katherine Marie Krause, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., Robert O'Blennis, Asst. Pros. Atty., St. Louis, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 27.26 Motion after an evidentiary hearing with appointed counsel. We affirm.

Movant claims he was denied effective assistance of counsel because his attorney coerced him into pleading guilty. He seeks to have his guilty pleas on four counts of armed robbery and concurrent fifteen year sentences vacated.

Our inquiry is the extent to which counsel's actions affected the voluntariness of the pleas. *Haynes v. State*, 565 S.W.2d 191 (Mo.App.1978). Movant testified that his attorney sought to have him plead guilty because "they had too much evidence against me", that movant "would not have a chance" if he went to trial, and because of the high sentence he could have received following a jury trial, particularly if sentenced under the Second Offender Act. He testified that "the Judge, the lawyer and prosecutor guaranteed to give me fifteen years."

Movant's mother testified that the attorney pressured her to persuade movant to plead guilty but supplied no details of coercion. She said the attorney was successful in reducing the agreed-upon sentence from eighteen to fifteen years. He then told her "he'd better go on and take that because . . . if you take it to jury trial, he would get thirty or forty years, or life."

The evidence persuades us to conclude that the attorney was justified in believing a plea of guilty was the best alternative. He then became obligated to urge that course of action. And the mother's actions were the result of a rational determination of the best alternative. *Wright v. State*, 549 S.W.2d 554 (Mo.App.1977); *Shepherd v. State*, 540 S.W.2d 619 (Mo.App.1976); *White v. State*, 530 S.W.2d 444, 447 (Mo. App.1975).

The findings, conclusions, and judgment of the Rule 27.26 trial court that movant's pleas were voluntarily and knowingly made are amply supported by the record.

The judgment is affirmed.

DOWD, P. J., and ALDEN A. STOCKARD, Special Judge, concur.