Larry CHAPMAN, Appellant,

v.

STATE of Missouri, Respondent.

No. 40632.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 3, 1979.

Joseph V. Neill, St. Louis, for appellant.

Paul Robert Otto, Asst. Atty. Gen., John D. Ashcroft, Atty. Gen., Jefferson City, for respondent.

GUNN, Judge.

Movant's rule 27.26 motion to set aside and vacate his conviction and sentence for first degree robbery was denied without evidentiary hearing. His appeal from that denial raises two points: that the trial court erred in failing to appoint counsel to assist him in the preparation of his motion; that a question of fact existed as to whether ineffective assistance of counsel caused his guilty plea to be involuntary. We affirm.

The underlying theory of movant's rule 27.26 motion for relief is inadequate assistance of counsel. He contends that his trial court counsel failed to make a proper investigation to determine the strength of the state's case and argues that he needed aid of counsel to adequately express his plight in his rule 27.26 motion. Movant looks to *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978), for succor for his contention that he is entitled to assistance of a lawyer in the preparation of this motion. True, *Fields* did bring about a rule 27.26 change requiring appointment of counsel after an

indigent files a pro se motion under the rule. But the application of *Fields* was specifically designated to be prospective from November 6, 1978. Movant's motion was filed January 5, 1978, so *Fields* does not apply insofar as movant's request for the aid of counsel in the preparation of his motion. *Johnson v. State*, 574 S.W.2d 957 (Mo.App.1978).

▪ While movant contends that the record does not conclusively support the voluntariness of his guilty plea, the record absolutely refutes that contention, and denial of the motion without evidentiary hearing was proper. *Hartrum v. State*, 575 S.W.2d 2 (Mo.App.1978); *Edwards v. State*, 569 S.W.2d 779 (Mo.App.1978); *Breeland v. State*, 568 S.W.2d 564 (Mo.App.1978). We see no need to detail the testimony of movant's guilty plea except to observe that movant specifically acknowledged his participation in the armed robbery; that he fully understood consequences of his plea and freely admitted his guilt of the charges against him; that he was satisfied with his counsel's advice and consultation; that he was familiar with the range of punishment and no promises had been made regarding his sentence in exchange for his plea; that he was "pleading guilty of [his] own free will because [he was] guilty of" the charges against him.

▪ Each of the points raised in movant's motion is either disproved by the record or contains no factual allegations requiring relief. Movant's claim that his counsel failed to file a motion to suppress certain evidence is not pertinent as such a motion would relate to the matter of strategy, which is not relevant in this 27.26 proceeding. *Lewis v. State*, 513 S.W.2d 772 (Mo.App.1974); *State v. Brownridge*, 506 S.W.2d 466 (Mo.App.1974). The allegation that his plea was based on the false hope of probation affords no basis for relief. *McMahon v. State*, 569 S.W.2d 753 (Mo. banc 1978). His charge relating to his counsel's failure to fully investigate the case before the guilty plea was made is not self proving and in this case did not interfere with his obvious voluntary and intelligent choice to plead guilty. *Barber v. State*, 564 S.W.2d 914 (Mo.App.1978); *Chapman v. State*, 564 S.W.2d 264 (Mo.App. 1978). And his assertion that he did not fully agree with the prosecutor's recitation of the facts of the crime is immaterial, as in his own recitation of the facts movant fully inculpated himself in the crime with which he was charged.

Effective assistance of counsel goes only to the issue of whether the guilty plea was voluntary and knowingly made, and the record here firmly establishes the requisite knowledge and voluntariness of the plea. *Jackson v. State*, 572 S.W.2d 181 (Mo.App. 1978); *Keller v. State*, 566 S.W.2d 260 (Mo. App.1978).

Judgment affirmed.

REINHARD, P. J., and CRIST, J., concur.