**Gary Lynn BAKER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD 29688.**

Missouri Court of Appeals, Western District.

April 30, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 11, 1979.

James B. Chancellor, North Kansas City, for appellant.

Gary Lynn Baker, pro se.

John D. Ashcroft, Atty. Gen., Steven D. Steinhilber, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and PRITCHARD and MANFORD, JJ.

SOMERVILLE, Presiding Judge.

Gary Lynn Baker (movant) has appealed from an unsuccessful attempt to obtain post-conviction relief via Rule 27.26 from a five year sentence for "felonious stealing" (Section 560.156, RSMo 1969) imposed on a plea of guilty. Movant, who at all times had the benefit of counsel, was afforded an evidentiary hearing and denied relief after pertinent findings of fact and conclusions of law were duly rendered.

Movant exhorts this court to grant him relief on either of two grounds, one of which was raised on his behalf by counsel and the other of which was raised by movant acting pro se. The one raised by movant acting pro se is not reviewable on appeal and is subject to virtually summary disposition for the reason that it was never raised in the Rule 27.26 motion filed by movant in the circuit court and emerged for the first time on appeal. *Schleicher v. State*, 483 S.W.2d 393, 394 (Mo. banc 1972); *Maggard v. State*, 471 S.W.2d 161, 162 (Mo. 1971); and *Shubert v. State*, 518 S.W.2d 326, 328 (Mo.App. 1975).

The ground asserted by counsel on movant's behalf is tinged with incomprehensibility by reason of being bifurcated and repeatedly inconsistent with the argument tendered in its support. An amalgamation of the point and supportive argument suggests that movant seeks to fasten error on the decision of the trial court for two reasons: (1) failure of the information to allege the manner in which the "felonious stealing" was perpetrated, "either without . . . consent or by deceit",[1] rendered the information upon which movant's guilty plea rested fatally defective and deprived the sentencing court of jurisdiction to accept movant's guilty plea; and (2) movant's guilty plea was involuntary because he was the victim of ineffective assistance of counsel at the guilty plea proceeding since he was never made aware that lack of "consent" was the manner of perpetrating the "felonious stealing" charge to which he pled guilty.

It is true that the information to which movant entered a plea of guilty did not allege whether the "felonious stealing" was perpetrated "either without . . . consent or by deceit". However, such omission neither rendered the information fatally defective nor deprived the sentencing court of jurisdiction. *Paxton v. State*, 565 S.W.2d 750, 752 (Mo.App. 1978); and *State v. Newhart*, 503 S.W.2d 62, 67 (Mo.App. 1973).

The final prong of movant's bifurcated point, ineffective assistance of counsel because of movant's unawareness as to wheth-

1. Section 560.156.2, RSMo 1969.

er he was pleading guilty to "felonious stealing" predicated upon lack of "consent" or by "deceit", is defeated by the record. The following excerpt is taken from the record of the guilty plea proceeding at the point where the assistant prosecuting attorney of Clay County was asked by the sentencing court to reiterate the facts undergirding the charge leveled against movant:

"[Assistant Prosecuting Attorney] Your Honor, it's alleged by the state that on or about the 9th day of January, 1976 the defendant feloniously stole a Model 165 Cub Lo-Boy Tractor from the Anderson International Harvester, Incorporated, located at Carrollton, Carroll County, Missouri, transported same to Clay County and stored it here in Clay County, with the value of the merchandise and goods taken was greater than fifty dollars.[2]

THE COURT: Did you hear the statement of fact as related by the assistant prosecuting attorney, Mr. Baker?

DEFENDANT: Yes, Your Honor.

THE COURT: Is that statement of fact correct?

DEFENDANT: Yes, it is."

Additionally, at the Rule 27.26 evidentiary hearing counsel who represented movant at the guilty plea proceeding testified that "this case . . . didn't concern any stealing by deceit . . . it was originally a burglary charge of some kind . . ." and his response to the following question put to him by the trial court at the Rule 27.26 evidentiary hearing is correspondingly pertinent and revealing:

"THE COURT: Are you saying then that the facts you went over with him would constitute a stealing without the consent of the owner if proved by the state?

MR. KISER: I think that's what I told him, yes."

This testimony went in without objection and stands uncontradicted.

For movant to presently contend that he was unaware that he was pleading guilty to "felonious stealing" perpetrated "without consent" is an attempt to have this court tortuously construe the record by the exaltation of hyper-technicality over hard reality. Movant's admission in open court at the plea proceeding, coupled with the testimony of counsel who represented him at the time, anger against his present contention that he was unaware at the plea proceeding that he was pleading guilty to a charge of "felonious stealing" perpetrated by the absence of "consent". His self-proclaimed naivete as to the charge to which he plead guilty has a false ring. Movant's guilty plea, girded with the trappings of voluntariness and knowledgeability when initially made, cannot presently be relied upon as legal indicia of ineffective assistance of counsel. It is well established that a guilty plea voluntarily and knowingly made will not support a charge of ineffective assistance of counsel. *Hulett v. State*, 473 S.W.2d 410, 411 (Mo. 1971); *Barylski v. State*, 473 S.W.2d 399, 402 (Mo. 1971); *Coleman v. State*, 542 S.W.2d 53, 54 (Mo.App. 1976); and *Hall v. State*, 496 S.W.2d 300, 303 (Mo.App. 1973).

The bottom line of appellate review for all judgments in Rule 27.26 proceedings is whether or not they are "clearly erroneous". Rule 27.26(j); and *Shoemake v. State*, 462 S.W.2d 772, 775 (Mo. banc 1971). Having concluded that the judgment of the trial court in the instant case was not "clearly erroneous", the same is affirmed.

Judgment affirmed.

All concur.

---

**2.** See Section 541.070, RSMo 1969.