**Delmar E. CHRISCO, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 11046.

Missouri Court of Appeals,
Southern District,
Division Three.

Aug. 1, 1979.

Motion for Rehearing or to Transfer
Denied Aug. 27, 1979.

Armand Brodeur, Salem, for appellant.

John D. Ashcroft, Atty. Gen., Steven D. Steinhilber, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Chief Judge.

On March 3, 1977, petitioner Delmar E. Chrisco filed his verified "Petition for Writ of Error Coram Nobis" in the Circuit Court of Dent County, Missouri. The petition attacked the validity of a plea of guilty which petitioner entered on May 9, 1960, to a charge of burglary. As a result of the burglary conviction petitioner was sentenced to two years' imprisonment and he served the sentence. The alleged defect in the guilty plea proceedings is ineffective assistance of counsel.

The trial court appointed counsel for petitioner. Three months later, after a hearing attended by the prosecutor and petitioner's counsel, the court denied the petition. Petitioner appeals.

█ Application for writ of error coram nobis, as distinguished from resort to the postconviction remedy prescribed by Rule 27.26,[1] is the appropriate procedure where the petitioner has served the sentence. *Stoner v. State,* 507 S.W.2d 80[1] (Mo.App. 1974).

█ In *Arnold v. State,* 552 S.W.2d 286, 291[3–6] (Mo.App.1977), the eastern district of this court set forth general principles relating to the writ of error coram nobis. Among those principles are the following which are applicable to the case at bar: The action is civil in nature and not criminal; the writ is a common law remedy addressed to the trial court to correct errors of fact affecting the validity of the proceedings which at the time of the original proceedings were *unknown to the party seeking relief* and to the court; the right to relief by means of coram nobis is not absolute—it is not allowed as a matter of right or routine; the action will not lie where the party complaining knew of the fact complained of at the time of or before trial or by the exercise of reasonable diligence might have known it; the burden of proof is on the petitioner to support his well pleaded allegations by a preponderance of the evidence; the application must state with particularity sufficient facts to constitute grounds for relief; the petitioner must demonstrate that he is suffering from present adverse legal circumstances in order to invoke coram nobis relief from a sentence already served; reasonable diligence should be exercised by the petitioner to attack the allegedly invalid conviction.

Petitioner's brief in this court fails to comply with Rule 84.04. The "statement of facts" portion and the argument do not have "specific page references to the transcript on appeal." Two of the three "points relied on" fail to state "briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous." This court, however, has reviewed the transcript in light of the issues attempted to be briefed.

The petition does not plead any facts showing that petitioner is "suffering from present adverse legal circumstances," *Arnold,* supra, as a result of the sentence which he has already served.

Authority exists to the effect that ineffective assistance of counsel on a guilty plea is not a proper ground for relief in a coram nobis proceeding. *Parton v. State,* 545 S.W.2d 338, 342[17] (Mo.App.1977); 18 Am. Jur.2d Coram Nobis, et seq. § 18, p. 477. As *Parton,* at 342, points out, "Movant was as aware of his grievances at the time of his sentencing as he was when he filed his [petition]."

█ The transcript does not contain any evidence which may have been introduced at the hearing. Even if the petition had contained a ground cognizable in a coram nobis proceeding the burden of proof was on petitioner to support his claim for relief.

█ Petitioner complains that the trial court failed "to make findings of fact and conclusions of law on all issues presented." Petitioner did not request such findings and conclusions. As authority for his complaint appellant cites *Baker v. State,* 532 S.W.2d 897 (Mo.App.1976). *Baker* is inapposite because it was a proceeding under Rule 27.26. Appellant cites no authority for the proposition that, in a coram nobis proceeding, findings of fact and conclusions of law, where none has been requested, are prerequisites to a valid judgment.[2]

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

2. Such findings of fact and conclusions of law are required in a Rule 27.26 proceeding. Rule 27.26(i).

"The trial court's order of dismissal was not accompanied by findings of fact or conclusions of law. Though such procedure was acceptable under *Smith v. State,* 513 S.W.2d 407 (Mo. banc 1974), it is no longer permitted. *Fields v. State,* 572 S.W.2d 477 (Mo. banc 1978)." *Turn-*

Where no evidence is presented at the hearing, as seems to be the situation, here, it is understandable that the trial court made no findings of fact.[3] Even if the allegations of the verified petition be accorded some evidentiary weight[4] the trial court had the right to reject that evidence and this is true even though there was no evidence to the contrary. *State v. Cannon,* 532 S.W.2d 804, 806[4] (Mo.App.1975).

The attack upon the validity of the plea was made almost 17 years after its entry. In *Skaggs v. State,* 476 S.W.2d 524, 528 (Mo.1972) the supreme court considered a delay of 9½ years between entry of plea and the filing of a motion attacking it to be "a relevant factor" to be considered in determining the merits of the motion. Similar inordinate delays have been considered "relevant factors" in *Donaldson v. State,* 477 S.W.2d 84 (Mo.1972) (22 years); *Deckard v. State,* 492 S.W.2d 400 (Mo.App.1973) (16 years); *Cook v. State,* 543 S.W.2d 309 (Mo.App.1976) (17 years); *Arnold v. State,* 552 S.W.2d 286 (Mo.App.1977) (23 years); see, generally, 62 A.L.R.2d 432 (delay as affecting right to coram nobis attacking criminal conviction.)

■ This court's review of the record fails to disclose that the judgment of the trial court denying the petition was clearly erroneous. *Paxton v. State,* 565 S.W.2d 750, 752 (Mo.App.1978). *Stoner v. State,* 507 S.W.2d 80[2] (Mo.App.1974).

The judgment is affirmed.

BILLINGS, MAUS and GREENE, JJ., concur.

---

bough *v. State,* 574 S.W.2d 400, 404 (Mo. banc 1978).

*Smith* and *Fields* were Rule 27.26 proceedings. At the time of the instant coram nobis proceeding the *Smith* procedure was still acceptable.

3. The transcript does contain the docket entries pertinent to the entry of the plea in 1960. They show that an attorney was appointed to represent petitioner and time was given for him to

confer with petitioner. Thereafter the plea was entered.

4. Compare *Ward v. State,* 451 S.W.2d 79 (Mo. 1970) where the court held, in a Rule 27.26 proceeding, that allegations of a motion to vacate and set aside a judgment of conviction are not self-proving. There is authority to the effect that the same principle applies in a coram nobis proceeding. 24 C.J.S. Criminal Law § 1606(31), p. 827.