Larry James TROUPE, Appellant,

v.

STATE of Missouri, Respondent.

No. 39853.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 16, 1979.

Motion for Rehearing or Transfer Denied Nov. 20, 1979.

Patrick M. Sanders, Chief Trial Atty., Twenty-First Judicial Circuit, Clayton, for appellant.

John Ashcroft, Atty. Gen., Peter T. Sadowski, Asst. Atty. Gen., Jefferson City, for respondent.

GUNN, Judge.

Movant's appeal from the denial of his Rule 27.26 motion raises two points: (1) ineffective assistance of counsel at his guilty plea proceedings for failure to conduct adequate investigation and preparation; (2) that his pleas were the products of coercion by his attorney in threatening that he would receive greater punishment if the cases were tried. After evidentiary hearing, the trial court in findings of fact and conclusions of law denied the motion. We affirm.

■ The 114 pages of transcript of movant's guilty plea proceedings to 12 separate charges of stealing over $50 manifestly established that the pleas of guilty were knowingly and voluntarily made. As such, the issue regarding ineffective assistance of counsel fails except as it relates to the voluntariness and understanding of the pleas. *Baker v. State*, 583 S.W.2d 190 (Mo. App.1979); *Johnson v. State*, 581 S.W.2d 118 (Mo.App.1979). The finding of the trial court that the movant voluntarily pleaded guilty is bountifully supported by the record and is not clearly erroneous. *Witt v. State*, 582 S.W.2d 325 (Mo.App.1979); *Ballard v. State*, 577 S.W.2d 932 (Mo.App.1979). The assertion that his counsel did not adequately investigate possible defenses does not provide ground for relief, as it does not in this instance touch on his obvious voluntary and intelligent choices to plead guilty, including his acknowledgment of his satisfaction with counsel's services. *Chapman v. State*, 579 S.W.2d 855 (Mo.App.1979); *Gilmore v. State*, 578 S.W.2d 71 (Mo.App.1979). It is clear from the record that any alleged lack of investigation or preparation by movant's counsel did not preclude or affect his voluntary and understanding pleas of guilty. *Barrow v. State*, 486 S.W.2d 497 (Mo.1972). *See also: Cerame v. State*, 584 S.W.2d 174 (Mo.App.1979).

■ Movant's second point seeking relief alleges threats by his counsel that if he did not plead guilty the trial judge would assess him further penalty; as a result, he charges, he was coerced. This assertion is too fenestrated to hold merit. The mere fact that an attorney may advise his client to enter a guilty plea rather than expose himself to a more generous penalty after trial does not make the plea the product of duress. *Smith v. State*, 513 S.W.2d 407 (Mo. banc 1974);[1] *Harvey v. State*, 577 S.W.2d 133 (Mo.App.1979). The record here is convincing and clearly refutes movant's assertion that any threats or bargains were made or offered in exchange for the guilty pleas. *White v. State*, 530 S.W.2d 444 (Mo.App.1975). There is an abundance of testimony from the movant himself to persuade the trial court that the pleas were his own free and voluntary actions and made with full understanding of the charges and consequences of the pleas. The trial court's findings in this regard were not clearly erroneous. *Helms v. State*, 584 S.W.2d 607 (Mo.App.1979).

Judgment affirmed.

REINHARD, P. J., and CRIST, J., concur.

---

1. *Overruled in part on other grounds: Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978).