Carl Wayne DICKERSON,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 39178.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 18, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 15, 1980.

Application to Transfer Denied
March 11, 1980.

Judith Sklar, Asst. Public Defender, Dennis Smith, St. Charles, for movant-appellant.

Daniel M. Buescher, Pros. Atty., Union, John Ashcroft, Atty. Gen., Paul Robert Otto, James R. Cumbee, Asst. Attys. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 27.26 motion without an evidentiary hearing.

On June 24, 1974, movant pleaded guilty to three separate charges of rape, first degree robbery, and the operation of a motor vehicle without the consent of the owner. Before movant entered his plea, the prosecution submitted its recommendation that he receive concurrent prison terms of twelve years, five years, and two years, respectively. When apprised of movant's intention to plead guilty, and before actual acceptance of the plea, the trial court asked movant a series of questions designed to insure that his plea was made both knowingly and voluntarily. The trial court also asked movant whether he was aware of the possible range of sentences and, further, whether movant was aware the court was not bound by the state's sentencing recommendation. Movant responded in the affirmative and, consequently, the court accepted his plea. The trial court ordered that a pre-sentence investigation be conducted and deferred sentencing until September 23, 1974.

However, the day of the scheduled sentencing found movant escaped from custody and at large. Movant was subsequently recaptured and, on January 26, 1975, appeared for formal sentencing before a different circuit judge than he who accepted the plea.

After both parties were given the opportunity to review the results the pre-sentence investigation, the prosecution submitted to the sentencing court the identical recommendation it had made to the court which accepted movant's guilty plea, i. e., terms of twelve, five, and two years, to be served concurrently. The sentencing judge then asked movant whether he was aware that the state's recommendation was not binding upon the court and whether, in light of this, movant still desired to plead guilty. Movant indicated that he was so aware and expressed his continued willingness to plead guilty, whereupon the sentencing court proceeded to sentence movant, consecutively, to twenty-five years on the rape charge, twenty-five years on the robbery charge, and five years for the charge of operating a motor vehicle without the owner's consent. Movant raised no objection to the imposition of these sentences at the time of sentencing, although the sentences he received were considerably longer than those recommended by the state.

Movant filed his first Rule 27.26 motion on February 15, 1976, a first amended motion and, finally, his second amended motion on April 1, 1977. The judge who presided over movant's original plea hearing, as opposed to the judge who presided over the later sentencing hearing, denied movant's motion without benefit of an evidentiary hearing. Movant now appeals.

Movant's amended Rule 27.26 motion addresses itself to three issues. He first claims that defense counsel's assistance was ineffective and, as enumerated in defendant's appellate brief, cites the following as facts illustrative of defense counsel's failures:

"(1) Appellant's attorneys failed to interview alleged victims of the crimes or state witnesses;

(2) Appellant's attorneys failed to investigate the character and reputation of the victim of the alleged crime of rape;

(3) No motions were filed by either of appellant's attorneys pursuant to the then effective Missouri Supreme Court Rule 25.195;

(4) Appellant's attorneys failed to review medical reports or lab results;

(5) Appellant's attorneys failed to inspect or investigate the voluntariness of the signed statement made to the police officers by the appellant;

(6) Appellant was told by his attorney, John C. Brackman, to reply in the negative to questions propounded by the Court concerning whether promises or representations had been made to appellant as to the sentence he would receive upon a plea of guilty though movant was assured and misled by counsel that he would receive the sentence recommended by the prosecuting attorney;

(7) Appellant's attorney at sentencing, Melvin Franke, informed appellant that it was in appellant's best interest not to withdraw his plea of guilty and misled appellant to believe that the Judge at sentencing would follow the prosecutor's recommendation as to the sentence the appellant would receive;

(8) During the period from December 28, 1973, until June 24, 1974, that the appellant was incarcerated, John C. Brackman conferred with appellant only once."

As one approaches movant's first point it must be borne in mind that Rule 27.26(e) requires on evidentiary hearing if the motion raises issues of fact. Thus, a movant must allege facts, not conclusions, which warrant relief and are not refuted by the record. Further, movant must allege and demonstrate that the matters of which he complains resulted in prejudice to his cause. *Burnett v. State*, 573 S.W.2d 380, 381 (Mo.App.1978); *Perry v. State*, 565 S.W.2d 464, 464 (Mo.App.1978); *Haliburton v. State*, 546 S.W.2d 771, 773 (Mo.App.1977). Finally, once a movant pleads guilty, allegations concerning lack of effective assistance of counsel are acknowledged only in the context that they rendered the plea involuntary. *Taylor v. State*, 573 S.W.2d 463, 464 (Mo.App.1978).

Consideration of the aforementioned precepts leads this court to conclude that the allegations contained in paragraphs (1) and (2), concerning counsel's failure to interview witnesses, are not facts which warrant relief. Conspicuously absent is a reason wherein and why the testimony of these witnesses would have affected the voluntary nature of movant's plea or provided a

defense. *Charles v. State*, 570 S.W.2d 700, 702 (Mo.App.1978). Movant failed to allege prejudice.

Those allegations contained in paragraph (3), failure to suppress evidence; paragraphs (4) and (5), failure to investigate; and, paragraph (8), failure to confer with movant, are likewise deficient. Again, the facts alleged do not warrant relief because they do not state wherein and why counsel's various failures affected the voluntariness of movant's guilty plea or prevented the submission of a valid defense.

Additionally, it appears that the allegations contained in paragraphs (1), (2), (3), (4), (5), and (8) are refuted by the record. Before movant's guilty plea was accepted, the following colloquy between the court and movant took place:

"The Court: Have you had adequate time to and have you fully consulted with him [defendant's attorney] about the effect of withdrawing your pleas of not guilty to these three charges and entering pleas of guilty to them?

Movant: Yes, sir, I have.

The Court: And are you completely satisfied with his services?

Movant: Yes, sir."

The six allegations listed above are specifically refuted by movant's testimony at the guilty plea hearing and, accordingly, the matters contained therein do not afford a basis upon which to grant movant an evidentiary hearing. The allegations contained in paragraphs (6) and (7) are also refuted by movant's guilty plea testimony, but will be addressed in the ensuing discussion in conjunction with movant's second allegation that his plea was involuntary.

Movant next complains of the trial court's failure to inform movant that it did not intend to abide by the plea "agreement" and give movant an opportunity to withdraw his guilty plea. The issue this particular complaint presents, is whether this allegation (and those contained in paragraphs (6) and (7) cited above) are refuted by the record. If so, the court was under no obligation to conduct an evidentiary hearing with respect to these charges.

■ Initially, it must be stated that the record does not reflect the existence of a plea "agreement" but rather, a mere recommendation by the state. Even were it to be assumed, arguendo, that a plea agreement did exist, the trial court was still under no duty to offer a defendant an opportunity to change his plea prior to *Schellert v. State,* 569 S.W.2d 735, 739–740 (Mo. banc 1978).

■ Second, it is readily apparent that movant's allegations, which pertain to both the conduct of the court and his lawyers, are refuted by the record. The transcript is replete with questions by the court, and corresponding answers by movant, which bespeak his satisfaction with his lawyers and indicate that his plea was made voluntarily. *Chapman v. State,* 579 S.W.2d 855, 856 (Mo.App.1979); *Cave v. State,* 585 S.W.2d 149 (Mo.App. Southern Dist., 1979); and *Troupe v. State,* 590 S.W.2d 390 (Mo. App. Eastern Dist., 1979). The mere fact that movant received a longer sentence than he anticipated is not dispositive. *Brown v. State,* 526 S.W.2d 55, 56 (Mo.App. 1975).

■ Movant lastly contends that the trial court's knowledge of his escape from custody improperly influenced its determination of the sentences he should receive and, further, that the substitution of judges was detrimental to his cause. However, the record contains nothing which would suggest that movant received a greater sentence by virtue of the jailbreak, but merely shows that the sentencing judge knew of the escape. Any other judge who might have presided over the sentencing procedure would, necessarily, have had the same knowledge.

■ Finally, the record shows that Judge Turpin accepted movant's guilty plea, Judge Dalton assessed punishment approximately four months after movant was initially to appear for sentencing and, thereafter, Judge Turpin denied movant's Rule 27.26 motion. The supposition that defendant was prejudiced by the substitution of judges is pure conjecture in view of the fact that defendant failed to allege wherein and

why the substitution was either improper or prejudicial.

Judgment affirmed.

DOWD, P. J., and REINHARD, J., concur.